IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Kathleen M. Tafoya

| | |
|---|---|
| Civil Action No. 09-cv-03011-CMA-KMT | FTR - Courtroom C-201 |
| **Date: October 18, 2010** | Deputy Clerk, Nick Richards |
| | |
| VICKI LYNN TRUJILLO, individually and on behalf of the Estate of Jason Gomez,<br><br>        Plaintiff,<br><br>v.<br><br>TIMOTHY CAMPBELL, individually and as a Police Officer of the City and County of Denver, GERALD R. WHITMAN, individually and in his official capacity as Chief of Police of the City and County of Denver, and<br>CITY AND COUNTY OF DENVER, a municipal corporation,<br>        Defendants. | Kenneth Alfredo Padilla<br><br><br><br><br><br>Thomas G. Bigler |

## COURTROOM MINUTES / MINUTE ORDER

**MOTION HEARING**
**Court in session: 10:26 a.m.**
Court calls case. Appearances of counsel.

Motion hearing is set regarding Plaintiff's Motion to Compel Answers to Interrogatories from Defendant City and County of Denver [Doc. No. 33, filed August 30, 2010], Plaintiff's Motion to Compel Responses to Plaintiff's Request for Production of Documents to Defendant City and County of Denver [Doc. No. 34, filed August 30, 2010], Plaintiff's Motion to Compel Answers to Interrogatories from Defendant Timothy Campbell [Doc. No. 35, filed August 30, 2010], Plaintiff's Motion to Compel Responses to Plaintiff's Request for Production of Documents to Defendants Timothy Campbell and Gerald R. Whitman [Doc. No. 36, filed August 30, 2010], and Defendants' Opposed Motion to Enforce Protective Order [Doc. No. 40, filed September 13, 2010].

Oral arguments from Plaintiff.
Oral arguments from Defendant.

It is **ORDERED**: The defendants' request to deny all the plaintiff's motions for failure

to confer in violation of Local Rule 7.1 is **denied**.

It is **ORDERED**: Plaintiff's Motion to Compel [33] is **GRANTED** in part and **DENIED** in part.

Motion is **granted** as to Interrogatory No. 1 as discussed in court. Defendant shall have 30 days in which to produce additional materials.

Interrogatory No. 2 is **denied** due to being over-broad. However, plaintiff's counsel will have an opportunity to re-formulate the interrogatory in a way that narrows the request. Counsel for defendants will work with plaintiff's counsel to find out the exact statistical information desired by the interrogatory.

Interrogatory No. 3 is **granted** to the extent discussed in court with respect to database information. Interrogatory is **denied** with respect to employees other than uniformed police. The court disagrees with the definition of "complaint" as set forth in definition No. 8. The city is to run the database report to the extent possible.

Interrogatory No. 4 is **granted** to the extent that the plaintiff be allowed to propound another interrogatory requesting historical amendment information for ten years previous to the incident date pertaining to specific sections of the Denver Police Operations Manual and the Rules and Regulations.  The number of sections for which the defendants will provide historical information must be reasonable and must concern the categories contained in the current interrogatory with the exception of the category listed as "constitutional rights."  The court finds that in each instance where discovery is directed to a broad category concerning a violation of "constitutional rights," such term is vague and over-broad and will be disallowed.

Interrogatory No. 5 is **denied** with the exception of defendants' duty to supplement if further information is found.

Interrogatory No. 6 is **denied** as written. Plaintiff may re-formulate the interrogatory to seek production of the log notes for specific officers who were present at the scene of the incident.

Interrogatory No. 7 is **denied** as stated on the record. Plaintiff will follow up with another interrogatory.

Interrogatory No. 8 will be discussed in the continuation of this hearing as it pertains to Mr. Whitman. The defendants have adequately responded with respect to Defendant Campbell and the interrogatory is **denied** with respect to that defendant.

Interrogatory No. 9 is **denied** as stated on the record.

Interrogatory No. 10 is **denied** as stated on the record.

It is **ORDERED**: Defendant's Opposed Motion to Enforce Protective Order [40] is **GRANTED** in part and **DENIED** in part as reflected on the record. Sequentially numbered documents 327, 365, 669 will retain their confidential designation. Sequentially numbered documents numbered 670, 673, and 676-78 **as redacted for production** will no longer be designated as confidential

The following deadlines were reset in this matter:

| | |
|---|---|
| Disclosure of Affirmative Experts: | February 10, 2011 |
| Disclosure of Rebuttal Experts: | March 10, 2011 |
| Discovery cut-off: | May 10, 2011 |
| Dispositive Motions Deadline: | June 10, 2011 |
| Final Pretrial Conference: | August 9, 2011 at 10:00 a.m. |

This hearing is continued to Wednesday, October 20, 2010 at 10:00 a.m.

**Court in Recess: 1:05 p.m.**
Hearing to be continued.
Total In-Court Time    02:39

*To obtain a transcript of this proceeding, please contact Avery Woods Reporting at (303) 825-6119.