IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-03011-CMA-KLM

VICKI LYNN TRUJILLO, individually and on behalf of the Estate of Jason Gomez,

    Plaintiff,

v.

TIMOTHY CAMPBELL, individually and as a police officer of the City and County of Denver,
GERALD R. WHITMAN, individually and in his official capacity as Chief of Police of the City and County of Denver, and
CITY AND COUNTY OF DENVER, a municipal corporation,

    Defendants.
_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Plaintiff's Third Motion to Compel Answers to Interrogatories from Defendant City and County of Denver** [Docket No. 126; Filed February 2, 2012] (the "Motion"). Plaintiff moves to compel additional documents produced by Defendant City and County of Denver ("Denver") in response to Reformulated Interrogatory No. 2. The Court held a hearing on an oral motion to compel regarding the same request on October 13, 2011. At the hearing, the Court granted Plaintiff's motion in part, and ordered that Denver produce copies of all complaints regarding the use of deadly force from January 1, 2000 through December 19, 2007 [#111]. Plaintiff objected to this order, and the District Judge overruled Plaintiff's objections in an Order issued November 14, 2011 [#118].

    In the Motion at issue, Plaintiff asserts that although Denver has produced the complaints, it must produce information additional to the complaints. Plaintiff asks for responses to the complaints, "a detailed description of the final resolution" of the complaints, and complaints submitted to the Public Safety Review Commission or Office of the Independent Monitor. [#126] at 4. Plaintiff relies on the definition of "complaint" as stated in the written discovery request that also included Reformulated Interrogatory No. 2. *Id.* at 3-4.

1

At the hearing on October 13, 2011, the Court rejected the definition of "complaint" on which Plaintiff relies. *Tr.*, [#128] at 40-41 ("This request is too broad both in terms of the types of documents sought and in terms of the time period for which they are sought."). The Court explicitly limited Denver's obligation to producing copies of all complaints of the use of deadly force from January 1, 2000 through December 19, 2007.[1] *Id.* at 41. The District Judge affirmed this determination [#118]. Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#126] is **DENIED**.

Denver asks the Court to award attorney's fees pursuant to Fed. R. Civ. P. 37(a)(5)(B). [#129] at 4. Denver bases this request on the fact that the relief Plaintiff seeks in the Motion at issue was already decided by this Court and by the District Judge, and thus, the Motion is not substantially justified. The Court agrees. Accordingly,

IT IS FURTHER **ORDERED** that Denver may file a motion seeking attorney's fees arising from fees incurred responding to Plaintiff's Third Motion to Compel, including fees incurred by conferring regarding Plaintiff's Third Motion to Compel. The motion for fees must comply with D.C.COLO.LCivR 54.3, and must be filed by **February 23, 2012**.

Dated: February 9, 2012

---

[1] Denver filed a Response to the Motion at issue on February 9, 2012 [#129]. Denver attests that it "has timely complied with the Minute Order and produced all of the complaints about the use of deadly force received by Defendant during the prescribed time period," as ordered by this Court. [#129] at 2-3. Regarding Plaintiff's assertion that counsel for Plaintiff found other instances of complaints of the use of deadly force in news media, Denver states that "[t]he mere fact than an article appeared in the media does not support a claim that a party actually complained about the level of force used." *Id.* at 3. Despite this obvious distinction, Denver "reviewed the cases mentioned in the newspaper articles and no complaints about the officer's actions in those matters were received by Defendant." *Id.* at 4.

2