IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 09-cv-03011-CMA-KLM

VICKI LYNN TRUJILLO, Individually and on behalf of the Estate of Jason Gomez,

    Plaintiff,

v.

TIMOTHY CAMPBELL, Individually and as a Police Officer of the
    City and County of Denver,
GERALD R. WHITMAN, Individually and in his official capacity as
    Chief of Police of the City and County of Denver, and
THE CITY AND COUNTY OF DENVER, a municipal corporation,

    Defendants.

## ORDER REJECTING FEBRUARY 9, 2012 MINUTE ORDER
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on Plaintiff's objections to a discovery order issued on February 9, 2012 by United States Magistrate Judge Kristen L. Mix, (Doc. # 131.)  In the order, the Magistrate Judge denied Plaintiff's Third Motion to Compel (Doc. # 126) and authorized Defendant City & County of Denver ("Denver") to file a motion seeking attorneys' fees incurred in responding to Plaintiff's motion.  Plaintiff filed objections on February 27, 2012.[1]  (Doc. # 113.)  Denver responded to the objections on March 8, 2012.  (Doc. # 146.)

---

[1] Because Plaintiff's motion to compel involves a nondispositive pretrial motion, Plaintiff must demonstrate that the Magistrate Judge's ruling was "clearly erroneous or . . . contrary to law." Fed. R. Civ. P. 72(a).  "The clearly erroneous standard . . . requires that the reviewing court affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"  *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

On October 13, 2011, the Magistrate Judge held a hearing on Plaintiff's second motion to compel. At the hearing, the Magistrate Judge ordered Denver to "produce copies of all complaints of use of deadly force from January 1, 2000 through December 19, 2007." (Doc. # 111.) This Court affirmed the Magistrate Judge's order on November 14, 2011. (Doc. # 118.)

Alleging that Denver failed to comply with the Magistrate Judge's October 13, 2011 order "both qualitatively and quantitatively," Plaintiff filed a third motion to compel on February 2, 2012. (Doc. # 126.) Although Denver produced eleven complaints regarding the use of deadly force by the Denver Police Department, Plaintiff claimed that Denver was required to produce more information, such as the responses to each complaint and a detailed description of the final resolution for each complaint. The basis for Plaintiff's argument is Reformulated Interrogatory No. 2, which defines a "complaint" to include such information. (*Id*. at 3-4.) However, at the October 13, 2011 hearing, the Magistrate Judge rejected Plaintiff's definition of a "complaint" as overly broad, a finding that was affirmed by this Court on November 14, 2011. (Doc. # 118 at 6.) Thus, the Court finds that the Magistrate Judge's order was not clearly erroneous or contrary to law insofar as she found that the deadly force complaints produced by Denver were qualitatively sufficient.

Plaintiff also argued that Denver did not comply with the Magistrate Judge's discovery order because it failed to produce all deadly force complaints regarding incidents that occurred between January 1, 2000 through December 19, 2007. In an attachment to her motion, Plaintiff identified over 30 additional use of deadly force

incidents "through the press and public media" that had not been disclosed. (Doc. # 126-8.) In response, Denver asserted that "[t]he mere fact that an article appeared in the media does not support a claim that a party actually complained about the level of force used." (Doc. # 129 at 3.) The Magistrate Judge appeared to agree with this argument, and noted Denver's representation that "no complaints about the officer's actions in those matters were received by [Denver]." (*Id.* at 4.) Thus, the Magistrate Judge found that Denver had quantitatively complied with the discovery order. (Doc. # 131 at 2 n.1.) Although this finding would not be clearly erroneous if based only on the record before the Magistrate Judge, Plaintiff attached three affidavits to her objections that may cast doubt on the veracity of Denver's representations. (*See* Doc. ## 140-1 through 140-3.) For example, Plaintiff produced an affidavit from Andrew B. Reid, an attorney, who attests that he had represented Gregory Lee Smith, Jr., an 18-year old black male who had been shot and killed by Denver police officers on January 30, 2002. Mr. Reid further attested that he had commenced a lawsuit on behalf of the deceased against Denver police officers. (Doc. # 140-1.)

Because the Magistrate Judge issued her order before Plaintiff had opportunity to reply, the Magistrate Judge did not consider these affidavits in finding that Denver had complied with her discovery order. Plaintiff argues that it was error for the Magistrate Judge to deny her third motion to compel without affording her an opportunity to reply. Although a judicial officer may rule on a motion at any time after it is filed, *see*

D.C.COLO.LCivR 7.1.C, the Court finds that the affidavits attached to Plaintiff's objections may render the Magistrate Judge's order clearly erroneous.[2]

Accordingly, it is ORDERED that the Magistrate Judge's Minute Order (Doc. # 131) is REJECTED and Plaintiff's Motion to Compel (Doc. # 126) is REINSTATED. The Court REFERS Plaintiff's Third Motion to Compel to the Magistrate Judge for reconsideration.

The Court further construes Plaintiff's Objections as a Reply in support of the Motion to Compel and Denver's Response to the Objections as a sur-reply, which the parties may supplement on or before March 16, 2012.

DATED:  March  13 , 2012

BY THE COURT:

*Christine M Arguello*

_____
CHRISTINE M. ARGUELLO
United States District Judge

---

[2] In its response to Plaintiff's objections, Denver points out several ambiguities in the affidavits suggesting that these affidavits may fall short of showing that Denver has not complied with its discovery obligations. Given the Magistrate Judge's familiarity with the discovery dispute in this case, the Court finds that the Magistrate Judge is better situated to assess the import of these affidavits. Thus, beyond determining that Plaintiff's third motion to compel should be reconsidered by the Magistrate Judge in light of the affidavits, the Court expresses no view on the merits of Plaintiff's motion.