IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-03011-CMA-KLM

VICKI LYNN TRUJILLO, individually and on behalf of the Estate of Jason Gomez,

   Plaintiff,

v.

TIMOTHY CAMPBELL, individually and as a police officer of the City and County of Denver,
GERALD R. WHITMAN, individually and in his official capacity as Chief of Police of the City and County of Denver, and
CITY AND COUNTY OF DENVER, a municipal corporation,

   Defendants.
_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

   This matter is before the Court on the Order Rejecting February 9, 2012 Minute Order of United States Magistrate Judge [Docket No. 148; Filed March 13, 2012] (the "Order"). The Order reinstated and re-referred **Plaintiff's Third Motion to Compel Answers to Interrogatories from Defendant City and County of Denver** [Docket No. 126; Filed February 2, 2012] (the "Motion").[1] The Court has considered the Motion [#126], Defendants' Response [#129], Plaintiff's Objection [#140], Defendants' Response to the Objection [#146], the Order [#148], and Plaintiff's Supplement [#152], and **GRANTS IN PART** Plaintiff's Motion.

   Plaintiff moves to compel production of additional documents from Defendant City and County of Denver ("Denver") in response to Reformulated Interrogatory No. 2. The

---

[1] The Order additionally mooted Defendants' Motion for Attorney's Fees [#135], filed at this Court's instruction in the February 9, 2012 Minute Order [#131].

1

Court held a hearing on an oral motion to compel regarding the same request on October 13, 2011. At the hearing, the Court granted Plaintiff's motion in part, and ordered that Denver produce copies of all complaints regarding the use of deadly force from January 1, 2000 through December 19, 2007. [#111]. Plaintiff objected to this Order, and the District Judge overruled Plaintiff's objections in an Order issued November 14, 2011. [#118].

In the Motion at issue, Plaintiff asserts that Denver has failed to produce all documents responsive to the Court's October 13, 2011 Order. Plaintiff contends that, in addition to all complaints, Denver must produce "a detailed description of the final resolution" of the complaints. [#126] at 4. Plaintiff relies on the definition of "complaint" as stated in the written discovery request that accompanied Reformulated Interrogatory No. 2. *Id.* at 3-4. Plaintiff further alleges that Denver simply has not produced all of the relevant complaints in its possession, which Plaintiff believes to be true based on review of news media reports, court dockets, and counsel for Plaintiff's own records. *See* [## 126, 140, 152].

At the hearing on October 13, 2011, the Court rejected the definition of "complaint" on which Plaintiff relies in the Motion at issue. *Tr.*, [#128] at 40-41 ("This request is too broad both in terms of the types of documents sought and in terms of the time period for which they are sought."). The Court explicitly limited Denver's obligation to producing copies of all complaints of the use of deadly force from January 1, 2000 through December 19, 2007. *Id.* at 41. The Court did not order production of any documents relating to resolution of the complaints, nor did the Court order discovery regarding any oral complaint. *See id.*

However, the Court clearly contemplated the production of all written complaints related to the use of deadly force during the defined time frame. *Tr.*, [#128] at 41 (referring to "copies" of complaints). Plaintiff includes five affidavits with the Motion and Supplement at issue, indicating that lawsuits regarding the use of deadly force were filed against Denver during the relevant time frame, and Denver has failed to produce complaints related to those lawsuits in this matter. *See* [## 126, 152]. More specifically, Plaintiff believes that Denver should have produced complaints related to the use of deadly force against Gregory Lee Smith [#140-1], Lyle Eugene Larsen [#140-2], Lorenzo Pasillas-Hernandez [#140-3], Luis Almeida-Ponce [#152-1], and Luis Rodelas Acuna [#152-1], as well as complaints related to lawsuits captioned *Smith v. Markell*, *Almeida v. Murr*, and *Kelly v. Nixon*. *See* [#152] at 2.

The affidavits presented by Plaintiff are vaguely worded and inconclusive. However, the Court presumes, without deciding, that notices of the lawsuits to which the affiants refer were likely submitted to Denver prior to commencement of the lawsuits, as required by Colorado statute. *See* Colo. Rev. Stat. § 24-10-109. Review of Defendants' production [#126-7] demonstrates to the Court that, with the exception of Luis Rodelas Acuna (see [#126-7] at 10), Denver has not produced complaints related to the individuals identified in the affidavits and lawsuit captions referenced by Plaintiff.

The Court holds that notices of claim or of intent to sue are complaints for purposes of Reformulated Interrogatory No. 2 as defined by the Court at the October 13, 2011 hearing. [#111]. Denver agrees, as evidenced by the inclusion of notices of claim with its production. *See* [#126-7] at 5, 10. Accordingly,

3

IT IS HEREBY **ORDERED** that Plaintiff's Motion [#126] is **GRANTED IN PART**. Denver must produce <u>all</u> notices of claim or of intent to sue related to uses of deadly force received from January 1, 2000 through December 19, 2007, including any notice (or other written complaint) related to Gregory Lee Smith [#140-1], Lyle Eugene Larsen [#140-2], Lorenzo Pasillas-Hernandez [#140-3], Luis Almeida-Ponce [#152-1], *Smith v. Markell*, *Almeida v. Murr*, and *Kelly v. Nixon*. Production must be completed on or before **April 2, 2012**. Defendants are warned that they must comply with the Court's Orders, and noncompliance may result in the imposition of sanctions.

IT IS FURTHER **ORDERED** that Plaintiff may file a Supplemental Response in opposition to Defendants' Motion for Summary Judgment [#121] on or before **April 16, 2012**. Defendants may Reply in support of their Motion for Summary Judgment on or before **April 30, 2012**.

IT IS FURTHER **ORDERED** that Plaintiff may file a motion seeking attorney's fees arising from fees incurred by the filing of the Supplement [#152]. The Court limits the award of fees to only those incurred by the Supplement because Plaintiff failed to properly support her Motion to Compel in the first instance, as evidenced by the exhibits included with her Objection and Supplement that were not available to the Court when adjudicating the Amended Second Motion to Compel [#92] or the Third Motion to Compel [#126]. The motion for fees must comply with D.C.COLO.LCivR 54.3, and must be filed by **March 29, 2012**.

Dated: March 19, 2012

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge

4