IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-03011-CMA-KLM

VICKI LYNN TRUJILLO, individually and on behalf of the Estate of Jason Gomez,

      Plaintiff,

v.

TIMOTHY CAMPBELL, individually and as a police officer of the City and County of Denver,
GERALD R. WHITMAN, individually and in his official capacity as Chief of Police of the City and County of Denver, and
CITY AND COUNTY OF DENVER, a municipal corporation,

      Defendants.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on **Plaintiff's Motion for Attorney's Fees** [Docket No. 156; Filed March 29, 2012] and **Motion for Leave of Court to Supplement Plaintiff's Reply in Support of Motion for Attorney's Fees** [Docket No. 166; Filed May 9, 2012]. The Court will consider the Supplement located at Docket No. 167 in its evaluation of Plaintiff's Motion for Attorney's Fees.  Accordingly,

IT IS HEREBY **ORDERED** that Plaintiff's Motion for Leave of Court to Supplement Plaintiff's Reply in Support of Motion for Attorney's Fees [#166] is **GRANTED**.

The Court addresses Plaintiff's Motion for Attorney's Fees ("Motion") as follows.

## I.    Background

On March 19, 2012, the Court entered an Order granting in part Plaintiff's Third Motion to Compel.  *Ord.*, [#153].  In the Order, the Court gave Plaintiff permission to file a

1

motion seeking attorney's fees incurred by the filing of the Supplement [#152]. *Id.* at 4. The Court stated that any award of fees would be limited to fees incurred only by the filing of the Supplement, because Plaintiff failed to properly support her Motion to Compel in the first instance. *Id.* The Supplement was filed on instruction by the District Judge in an Order issued on March 13, 2012. *See Ord.*, [#148].

The Supplement consists of ten pages. *See* [#152]. Four pages of the Supplement present substantive factual argument. *Id.* In the Supplement, Plaintiff refers to research (*i.e.*, a list of 32 instances of the use of deadly force that could have resulted in the filing of complaints) utilized in her Third Motion to Compel. *Id.* at 2. The new evidence presented with the Supplement includes two affidavits from one attorney, Leonard A. Martinez, attesting that complaints were filed in two circumstances that were not disclosed by Defendants. *Id.* at 3; *see also* [## 152-1, 152-2]. Thus, consistent with the Court's Order issued March 19, 2012, the Court limits the award of fees to those incurred in the drafting of the Supplement and the effort to acquire the two affidavits of Mr. Martinez.

Plaintiff timely filed her Motion on March 29, 2012. *See* [#156]. Plaintiff requests an award of $5,950. *Id.* at 4. This dollar amount reflects 10 hours of work by counsel for Plaintiff at a rate of $400 per hour, and 15.6 hours of work by counsel's paralegal at a rate of $125 per hour. *Id.* at 3.

Defendants oppose the requested award. *See* [#161]. Defendants claim that Plaintiff's fee request is excessive, and the hours recorded were not sufficiently documented. *Id.* at 5-8. Defendants believe that counsel for Plaintiff should not recover fees claimed for the paralegal's work. *Id.* at 8-10. Further, Defendants challenge the hourly rate attributed to counsel for Plaintiff as unsupported. *Id.* at 10-14. Defendants ask

the Court to reduce counsel's hourly rate to $180-200 per hour, and the paralegal's hourly rate to $50-60 per hour. *Id.* at 14.

In Reply, Plaintiff counters Defendants' challenges to each line item on the billing invoices. [#165] at 3-4. Plaintiff asserts that her counsel exercised good billing judgment by not double-billing for counsel and paralegal time. *Id.* at 4. Plaintiff states that counsel met the requisite burden in establishing the reasonableness of the requested rates, and Defendants failed to present any contrary evidence. *Id.* at 4-5. Plaintiff justifies the paralegal's time as having "beneficial results," because the research conducted by the paralegal revealed "an additional three instances of use of deadly force resulting in complaints against Denver Police Officers." *Id.* at 7. Furthermore, Plaintiff avers that the fees incurred were a result of "Defendants' persistent false discovery responses." *Id.* at 8. Plaintiff cites to the Tenth Circuit's determinations in *Zuchel v. City and County of Denver, Colorado*, 997 F.2d 730 (10th Cir. 1993) in support of counsel's fee request. *See* [#165].

## II.   Analysis

A party seeking an award of attorneys' fees must demonstrate that the fees requested are reasonable. *Hanner v. Wal-Mart Stores, Inc.*, No. 11-cv-00824-WYD-KLM, 2012 WL 1415004, at *1 (D. Colo. Apr. 24, 2012) (citation omitted). Generally, the starting point for any calculation of a reasonable attorneys' fee is the "lodestar," that is, the number of hours reasonably expended multiplied by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Malloy v. Monahan*, 73 F.3d 1012, 1017-18 (10th Cir. 1996). The Court is not required to reach a lodestar determination in every instance, however, and may simply accept or reduce a fee request within its discretion. *Hensley*, 461 U.S. at 436-37. The party requesting an award of fees bears the burden of proving the

claimed number of hours and the reasonableness of the hourly rate.  *Malloy*, 73 F.3d at 1018 (citation omitted).

### A.    Reasonable Hours

The Court must first determine whether the hours claimed by Plaintiff were reasonably expended.  *See id.* at 1017.  Counsel must make a good faith effort to exclude hours or costs that are "excessive, redundant or otherwise unnecessary."  *Hensley*, 461 U.S. at 434.  The Court exercises its "discretion in making this equitable judgment" and does not "apportion the fee award mechanically" by considering each claimed expense and determining its reasonableness overall.  *Hensley*, 461 U.S. at 436-40 (holding that the Court "should make clear that it has considered the relationship between the amount of the fee awarded and the results obtained"); *see also White v. GMC, Inc.*, 908 F.2d 675, 684-85 (10th Cir. 1990) (noting that the amount of fees accumulated to secure the desired result must be reasonably related to the type and significance of issue in dispute).

Here, the Court specified that the fee award would be limited to the Supplement, which clearly implicates the exclusion of fees incurred for time related to previous filings on the same issue.  Again, Plaintiff failed to properly support her Motion to Compel in the first instance, causing the Court to significantly increase its time and effort in resolving what should have been a fairly straightforward discovery dispute.  Plaintiff's failure to clearly define her discovery requests and to properly support her motions to compel has required the Court to resolve three separate motions to compel on the same issue and objections to Court orders on the same motions, and to hold two hearings as to the same issue.  Thus, the Court excludes the hours claimed by Plaintiff's counsel and paralegal for "research", as such research should have been presented to the Court in the first instance.  The Court

will not reward conduct that results in duplicative proceedings, simply because a litigant does not get it right the first time.  Therefore, the Court rejects the hours claimed only for research, as well as the 0.2 hours claimed for counsel's phone call to Attorney Wade Eldridge, who is not mentioned in the Supplement.  The Court thus reduces the attorney hours claimed from 10 hours to a total of 5.3 hours, and the paralegal hours claimed from 15.6 hours to a total of 2.1 hours.

### B.   Reasonable Rates

Regarding whether the rates claimed by Plaintiff's counsel and paralegal are reasonable, the Court must determine whether the rate is comparable to that of similarly situated and qualified professionals.  *See Zuchel*, 997 F.2d at 746.  The Court may look to affidavits presented by either side, and opposition in the form of "unsupported factual assertions [or] an *ad hominem* attack . . . are entirely inappropriate." *Id.* at 746 n.7.

Here, Plaintiff includes counsel's affidavit attesting that, when representing clients on an hourly basis, counsel bills "$450.00 per hour for any time in court and $400.00 per hour for any time outside of court" ([#156-3] at 3); an affidavit of David H. Miller, the co-founder and managing litigation partner of a local law firm, who attests that the rate charged by Plaintiff's counsel is reasonable ([#156-5]); and two affidavits of David A. Lane, a partner in another local law firm, who also attests that the rate claimed is reasonable ([#165-1] (regarding a similarly situated attorney), [#167]).

In opposition, Defendants challenge Mr. Miller's affidavit on the basis of his qualifications and counsel for Plaintiff's affidavit as self-serving.   [#161] at 12-13. Defendants further assert that counsel for Plaintiff has appeared in "only" 26 federal civil cases, and thus is not due the rate requested.  *Id.* at 14.  In support of their Response,

Defendants include an article stating that "Colorado attorneys averaged $124K in salary in 2010" ([#161-5]); another article stating that the "Denver area [is] 57th in [the] nation for lawyers' pay" ([#161-6]); and an internet print-out indicating that the top hourly rate for a civil rights lawyer in Colorado is $23-$34 per hour ([#161-7]).

The Court agrees with Plaintiff, in that Defendants do not provide adequate evidence (for example, an opposing affidavit) indicating that a reduction in rate is warranted. *See Reply*, [#165] at 6-7 (citing *Ptasynski v. Cogswell*, No. 02-WM-00830-WDM-MEH, 2009 WL 723393, at *1 (D. Colo. Mar. 18, 2009) ("Plaintiff's response provides no countervailing affidavit or other competent evidence and instead relies solely on conclusory allegations that the rates and time charges are excessive.")).   In fact, the Court finds absurd Defendants' suggestion that the appropriate rate for Plaintiff's counsel is $23-$34 per hour. In light of the evidence proffered by Plaintiff, and the absence of meaningful evidence to the contrary presented by Defendants, the Court finds that the rates claimed by Plaintiff's counsel and paralegal are reasonable for the purpose of the instant Motion.

## III.    Conclusion

Accordingly,

IT IS HEREBY **ORDERED** that Plaintiff's Motion for Attorney's Fees [#156] is **GRANTED IN PART** and **DENIED IN PART**,[1] and Plaintiff is awarded $2120.00 for 5.3 hours at $400.00 per hour, and $262.50 for 2.1 hours at $125.00 per hour, for a total award of **$2,382.50**; and

---

[1] An award of fees arising from a successful motion to compel is related to pretrial proceedings and is nondispositive, thus the Court issues an Order, not a Recommendation. *Cf. Estate of Conners v. O'Connor*, 6 F.3d 656, 658-59 (9th Cir. 1993) (magistrate judge lacked authority to enter order on post-judgment motion for attorney's fees); *see also Hanner*, 2012 WL 1415004 at *1 (order on motion for fees arising from a successful motion to compel).

IT IS FURTHER **ORDERED** that Defendant City and County of Denver shall remit payment of **$2,382.50** to Plaintiff on or before **June 21, 2012**.

Dated:  May 21, 2012

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge