IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 09-cv-03011-CMA-KLM

VICKI LYNN TRUJILLO, individually and on behalf of the Estate of Jason Gomez,

    Plaintiff,

v.

TIMOTHY CAMPBELL, individually and as a Police Officer of the
    City and County of Denver,
GERALD R. WHITMAN, individually and in his official capacity as
    Chief of Police of the City and County of Denver, and
THE CITY AND COUNTY OF DENVER, a municipal corporation,

    Defendants.

## ORDER DENYING PLAINTIFF'S MOTION FOR CERTIFICATION OF ENTRY OF FINAL JUDGMENT PURSUANT TO FED. R. CIV. P. 54(b)

This matter is before the Court on Plaintiff's Motion for Certification of Entry of Final Judgment Pursuant to Fed. R. Civ. P. 54(b), filed on September 26, 2012. (Doc. # 191.) For the following reasons, the Court denies Plaintiff's request for certification.

### I. BACKGROUND

In this case, Plaintiff claims that Officer Timothy Campbell used excessive force when he fatally shot Jason Gomez[1] in the early morning hours of December 19, 2007. In addition to Plaintiff's 42 U.S.C. § 1983 claim against Officer Campbell, Plaintiff also brought a § 1983 *Monell* claim against Defendant City and County of Denver ("Denver"), and a 42 U.S.C. § 1985 conspiracy claim against all Defendants.

---

[1] Plaintiff brings this suit individually and on behalf of the Estate of Mr. Gomez.

On August 22, 2012, this Court issued an order granting in part and denying in part Defendants' Motion for Summary Judgment. (Doc. # 179.) Specifically, the Court granted summary judgment on all claims except for Plaintiff's § 1983 claim against Officer Campbell. (*Id.* at 19-20.) In the instant motion, Plaintiff requests that the Court certify entry of final judgment under Fed. R. Civ. P. 54(b) on her § 1983 *Monell* and § 1985 conspiracy claims. Defendants responded on October 2, 2012, opposing Plaintiff's request for certification. (Doc. # 197.)

## II. **LEGAL STANDARD**

Federal Rule of Civil Procedure 54(b) provides, in relevant part, that "the court may direct the entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." The Tenth Circuit has instructed that "the district court should act as a 'dispatcher' weighing Rule 54(b)'s policy of preventing piecemeal appeals against the inequities that could result from delaying an appeal." *Stockman's Water Co., LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005) (citing *Curtiss-Wright corp. v. General Elec. Co.*, 446 U.S. 1, 8 (1980)). Courts should be mindful not only of judicial efficiency, but also of basic principles of justifiability that define the "duties of both the district court and the appellate court." *Ginett v. Computer Task Grp., Inc.*, 962 F.2d 1085, 1095 (2d Cir. 1992). Thus, district courts "should avoid the possibility that the ultimate dispositions of the claims remaining in the district court could either moot [a] decision on the appealed claim or require [the appellate court] to decide issues twice." *Id.*

When considering whether to grant a request for certification under Rule 54(b), a district court must make two determinations.

> First, the district court must determine that the order it is certifying is a final order. Second, the district court must determine that there is no just reason to delay review of the final order until it has con-clusively ruled on all claims presented by the parties to the case.

*Okla. Tpk. Auth. v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001) (citations omitted). "In order to determine whether an order is 'final' a district court must first consider the separability of the adjudicated and unadjudicated claims." *Inola Drugs, Inc. v. Express Scripts, Inc.*, 390 F. App'x 774, 775 (10th Cir. 2010) (unpublished) (citing *Jordan v. Pugh*, 425 F.3d 820, 826 (10th Cir. 2005)). In determining whether claims are separable, the Court considers "whether the allegedly separate claims turn on the same factual questions, whether they involve common legal issues, and whether separate recovery is possible." *Id*. at 776 (citations omitted).

## III. ANALYSIS

Plaintiff contends that the Court's summary judgment is final because there are "no other issues or proceedings before district court which would modify, change or otherwise affect the Court's ruling" on Plaintiff's *Monell* and conspiracy claims. Plaintiff also asserts that there is no just reason for delay and that she will be prejudiced if her ability to appeal is delayed.

Although the Court's summary judgment order is a "final order" in the sense that it constitutes the ultimate disposition of Plaintiff's claims against Denver and Defendant

Whitman, Plaintiff's remaining excessive force claim is not separable from these dismissed claims. As this Court explained in its summary judgment order, a plaintiff must demonstrate that a municipal employee committed a constitutional violation in order to establish *Monell* liability. (Doc. # 179 at 8) (citing *Bryson v. City of Okla. City*, 627 F.3d 784, 788 (10th Cir. 2010); *see also City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (*per curiam*) (no municipal liability where alleged constitutional injury is caused solely by named individual defendant who is found not liable); *Curley v. Village of Suffern*, 268 F.3d 65, 71 (2d Cir. 2001) ("Following *Heller*, we have recognized that a municipality cannot be liable for inadequate training or supervision when the officers involved in making the arrest did not violate the plaintiff's constitutional rights."). Thus, if Plaintiff does not prevail on her § 1983 claim against Officer Campbell, her claims that she seeks to revive on appeal will become moot. Thus, the *Monell* claim that has been resolved in the Court's summary judgment order is not "distinct and separable from the claims left unresolved."[2] *Jordan*, 425 F.3d at 826; *see also Richardson v. City of New York*, No. 04 Civ. 05314, 2007 WL 1732424, at *2 (June 14, 2007) (unpublished) (denying motion for certification under Rule 54(b) because the dismissed *Monell* claims were "inextricably interrelated" to underlying § 1983 claim); *Cullen v. Margiotta*, 618 F.2d 226, 228 (10th Cir. 1980) (finding district court abused its discretion in granting

---

[2] Similarly, for Plaintiff to prevail on her § 1985 conspiracy claim, she must show that Defendants conspired to deprive Mr. Gomez of equal protection or equal privileges and immunities. *See Tilton v. Richardson*, 6 F.3d 683, 686 (10th Cir. 1993). Thus, her § 1985 conspiracy claim is also predicated on showing that Mr. Gomez' constitutional rights were violated.

Rule 54(b) certification because "several questions involved in this appeal may turn on, or be rendered moot by, the district court's resolution of issues still pending before it.").

The Court also finds that there exists just reason for delay. As explained, resolution of Plaintiff's remaining claim may render moot an appeal to the Tenth Circuit. Thus, denying Rule 54(b) certification may prevent an unnecessary appeal, saving time and expense for both the courts and the parties. Plaintiff also argues that she will be prejudiced if she cannot immediately appeal the dismissal of her claims because she claims that she lacks the financial resources to litigate two trials. However, denying certification under Rule 54(b) will actually benefit Plaintiff in two ways. First, she will be able to try her § 1983 excessive force claim to a jury more quickly because she will not need to wait for an appellate decision. Second, in the event that the jury determines that Officer Campbell did not use excessive force, Plaintiff may appeal the entire case at once instead of in piecemeal fashion.[3]

## IV. CONCLUSION

Based on the foregoing, it is ORDERED that Plaintiff's Motion for Certification of Entry of Final Judgment Pursuant to Fed. R. Civ. P. 54(b) (Doc. # 191) is DENIED.

---

[3] Even if Plaintiff will suffer some prejudice, the Court cannot grant Rule 54(b) certification because the claims resolved are not distinct and separable from the claims left unresolved. *See Jordan*, 425 F.3d at 826. Thus, granting Plaintiff's motion for certification would be a pyrrhic victory for Plaintiff because the Tenth Circuit would likely dismiss the appeal for lack of jurisdiction. *See Inola Drug*, 390 F. App'x at 777 (finding that the district court erred in certifying a partial summary judgment order and dismissing the appeal for lack of jurisdiction).

It is FURTHER ORDERED that Plaintiff's Motion for Leave to Proceed on Appeal Pursuant to 28 U.S.C. § 1915 and Fed. R. App. P. 24 (Doc. # 184) and Plaintiff's Motion to Stay Proceedings Pending Appeal (Doc. # 192) are DENIED AS MOOT.

DATED:  October   10  , 2012.

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge